# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICA AARON, et al.,<br><br>　　　　　　　　　Plaintiffs,<br>vs.<br><br>MICHAEL AGUIRRE, et al.,<br><br>　　　　　　　　　Defendants. | CASE NO. 06-CV-1451-H(POR)<br><br>**ORDER RE PLAINTIFFS' COMPLIANCE WITH CALIFORNIA TORT CLAIMS ACT** |

On October 19, 2006, Plaintiffs, over 1600 individual police officers, filed their Second Amended Complaint ("SAC") against Defendants, alleging claims under 42 U.S.C. § 1983 and various state law claims. (Doc. No. 70.) On October 10, 2006, Defendant City of San Diego ("City") and the Individual Defendants filed a motion to dismiss, or in the alternative, to stay.[1] (Doc. No. 62.). Defendant Michael Aguirre filed a motion to dismiss on October 10, 2006.[2] (Doc. No. 65.) On November 3, 2006,

---

[1] Defendant City and the Individual Defendants filed their motion in response to the First Amended Complaint. During a telephonic hearing on October 24, 2006, these Defendants requested that the Court deem their motion as responsive to Plaintiffs' SAC. Accordingly, the Court ordered that these Defendants' motion to dismiss constituted their response to the SAC. (Doc. No. 77.)

[2] Defendant Aguirre filed his motion in response to the First Amended Complaint. During a telephonic hearing on October 24, 2006, however, Aguirre requested that the Court deem his motion as responsive to Plaintiffs' SAC. Accordingly, the Court ordered that Aguirre's motion to dismiss constituted his response to the SAC. (Doc. No. 77.)

1  Defendant San Diego Employees' Retirement System ("SDCERS") filed a motion to
2  dismiss the SAC, or alternatively, to abate or dismiss proceedings pertaining to state
3  pension underfunding issues. (Doc. No. 86.) Finally, Defendant KPMG, LLP
4  ("KPMG") filed a motion to dismiss the SAC on November 3, 2006. (Doc. No. 87.)
5       On October 10, 2006, Defendant City and the Individual Defendants filed a
6  joinder to Defendant Aguirre's motion to dismiss. (Doc. No. 62.) On the same date,
7  Defendant Aguirre filed a joinder in part to Defendant City and the Individual
8  Defendants' motion to dismiss. (Doc. No. 68.) On October 27, 2006, SDCERS filed
9  a joinder in part to Defendant City and Individual Defendants' motion to dismiss. (Doc.
10  No. 79.) On November 9, 2006, Defendant City and the Individual Defendants filed a
11  joinder in part in SDCERS' motion to dismiss. (Doc. No. 90.)
12       The Court heard oral argument on the various motions on December 4, 2006.
13  Christopher Nissen appeared on behalf of Plaintiffs. Peter Benzian appeared for
14  Defendant City and the Individual Defendants. Rodney Perlman and Donald McGrath
15  appeared for Defendant Aguirre. Matthew Mahoney appeared for Defendant SDCERS,
16  and Martha Gooding appeared for Defendant KPMG.
17       On December 13, 2006, the Court granted in part and denied in part Defendant
18  City of San Diego and the Individual Defendants' motion to dismiss; granted in part and
19  denied in part Defendant Aguirre's motion to dismiss; granted in part and denied in part
20  Defendant SDCERS's motion to dismiss; and granted Defendant KPMG's motion to
21  dismiss. (Doc. No. 100.)
22       In its order on motions to dismiss, the Court granted the City, Individual
23  Defendants, and Aguirre's motion to dismiss the state law claims under the California
24  Tort Claims Act ("CTCA"), Cal. Gov't Code § 900 et seq. As discussed during oral
25  argument, however, the Court entered a schedule for further briefing regarding
26  Plaintiffs' compliance with the CTCA. (Doc. No. 98.) As stated in that order, because
27  the Court has already entered its order on the motions to dismiss, the Court treats
28  Plaintiffs' supplemental briefing as a motion for reconsideration concerning dismissal.

1   Plaintiffs filed their motion for reconsideration on January 5, 2007. (Doc. No. 107.) Defendant City and the Individual Defendants filed a brief in opposition on January 19, 2007. (Doc. No. 110.) Defendant Aguirre filed a notice of joinder in Defendant City and the Individual Defendants' opposition on January 19, 2007. (Doc. No. 111.) Plaintiffs filed a reply on January 26, 2007. (Doc. No. 113.) Additionally, on January 26, 2007, Plaintiffs filed a motion for determination of invalid proof of service. (Doc. No. 114.)

For the reasons that follow, the Court **DENIES** Defendants' motion to dismiss Plaintiffs' state law claims based on failure to comply with the California Tort Claims Act. The Court **DENIES** as moot Plaintiffs' motion for determination of invalid proof of service. Additionally, the Court notes that Plaintiffs have already filed a third amended complaint.

### **Discussion**

### **I.   Legal Standard for Motion to Dismiss**

"A complaint should not be dismissed under Rule 12(b)(6) 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Id. In ruling on a Rule 12(b)(6) motion, the facts in the complaint are taken as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). The court may, however, consider the contents of documents specifically referred to and incorporated into the complaint. Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994).

/ / / /

In addition, a court ruling on a motion to dismiss may consider facts that are subject to judicial notice. A district court may take judicial notice of matters of public record, but cannot use this rule to take judicial notice of a fact that is subject to "reasonable dispute" simply because it is contained within a pleading that has been filed as a public record. Lee v. City of Los Angeles, 250 F.3d 668, 689-90 (9th Cir. 2001); Biagro W. Sales Inc. v. Helna Chem. Co., 160 F. Supp. 2d 1136, 1140-41 (E.D. Cal. 2001) (matters of public record include "pleadings, orders and other papers filed with the court"). Similarly, a court may take judicial notice of the *existence* of a court opinion, but not "'the truth of the facts recited therein.'" Lee, 250 F.3d at 689 (quoting S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group, Ltd., 181 F.3d 410, 426-27 (3d Cir. 1999)).

**B.      California Tort Claims Act**

In its order on motions to dismiss the SAC, the Court dismissed without prejudice the state law claims against Defendant City, Individual Defendants, and Aguirre, finding the claims untimely under the CTCA, Cal. Gov't Code § 900 et seq. In their motion for reconsideration, Plaintiffs make several arguments. First, Plaintiffs again argue that their claims are exempt from the CTCA's claim filing requirements. Second, Plaintiffs assert that they filed suit 187 days after rejection of their claims, which is timely under the CTCA. Third, Plaintiffs argue that the appropriate starting date for calculating the six month window for filing suit should be the date the rejection letters were postmarked, January 25, 2006, rather than the date indicated on the letters, January 12, 2006. Accordingly, Plaintiffs argue that their suit, filed on July 18, 2006, is timely. Defendants make several arguments in opposition. First, Defendants argue that the claims Plaintiffs presented did not satisfy the CTCA's requirements because they did not provide sufficient information to the City. The Court has already rejected this argument, however, in its ruling on motions to dismiss. Second, Defendants argue that Plaintiffs suit is untimely under the CTCA. Third, Defendants argue that Plaintiffs' 3.37% DROP reduction claims were presented to the City after the original complaint

was filed. Fourth, Defendants assert that Plaintiffs' claims are not exempt from the CTCA's requirements. Fifth, Defendants contend that the CTCA was not tolled for any reason.

**A.     Exemption**

As a general rule, prior to filing suit for money damages against a governmental agency, the CTCA requires claimants to present a formal claim to the government entity. Id. § 945.4; Dalton v. East Bay Utility Dist., 18 Cal. App. 4th 1566, 1571 (1993). The CTCA exempts several types of claims from these requirements, however. Under California Government Code § 905(c), "[c]laims by public employees for fees, salaries, wages, mileage or other expenses and allowances" are exempt. Similarly, "claims for money or benefits under any public retirement or pension system" are exempt. Id. § 905(f).

Plaintiffs again argue that their claims fall within these two exemptions, and, thus, they were not required to present formal claims. As the Court has indicated previously, however, the California courts have strictly construed the exemption provisions, and Plaintiffs' claims, other than their claims for an accounting and declaratory relief, do not fall within these exemptions. In Dalton, the court found that the plaintiffs' claims, including breach of fiduciary duty and denial of equal protection claims arising out of the defendants' actions related to a retirement system, were barred because plaintiffs failed to comply with the CTCA. 18 Cal. App. 4th at 1574. Examining the text and legislative history of the exemption provisions, the court determined that the exemptions were created to address "nontortious claims 'for which some other adequate claims procedure has already been devised or for which the procedural protections of the Tort Claims Act is believed to be unnecessary.'" Id. (quoting Cal. Gov't Tort Liability Prac. (Cont. Ed. Bar 1992) § 6.24 pp. 651-52)). Accordingly, the court ruled that, because the plaintiffs "d[id] not seek money due to them under the terms of the existing pension system," but instead "claim[ed] defendants treated them unfairly in administering the system and [sought] to change the 1989

1  administrative decisions," the plaintiffs were required to file a claim. <u>Id.</u>  Because they
2  had not filed a claim, the court ruled that their suit was barred.

3        Similarly, other cases make clear that the exemption provisions were meant to
4  address routine claims, such as unpaid wage and benefits claims. <u>See, e.g.</u>, <u>Blue v. Los</u>
5  <u>Angeles Unified Sch. Dist.</u>, 31 Cal. Rptr. 2d 923, 925 (Cal. App. Dep't Super. Ct. 1994)
6  (claim for life insurance benefits routine, and thus, fit within § 905(f)); <u>Loehr v.</u>
7  <u>Ventura County Cmty. Coll. Dist.</u>, 147 Cal. App. 3d 1071, 1080 (1983) ("[W]e construe
8  section 905, subdivision (c) as exempting from the act claims for salaries and wages
9  which have been earned but not paid.  Earned but unpaid salary or wages are vested
10 property rights, claims for which may not be properly characterized as actions for
11 monetary damages.  Similarly, the exemption specified in section 905, subdivision (f)
12 must be limited to benefits earned during the course of employment." (internal citations
13 omitted)).

14       Plaintiffs do not allege routine unpaid wage and benefits claims here, but instead
15 make claims similar to those in <u>Dalton</u>.  Like the plaintiffs in <u>Dalton</u>, Plaintiffs allege
16 that Defendants unlawfully administered and altered the pension system.  Contrary to
17 their assertions, regardless of their characterization of the claims, Plaintiffs do not
18 simply seek money due them and not paid.  Accordingly, the majority of Plaintiffs' state
19 law claims do not fit within the statutory exemptions, and Plaintiffs were required to
20 formally submit their claims before filing suit.  As to the claims for accounting and
21 declaratory relief, however, those claims do not seek monetary relief, and Plaintiffs
22 were not required to present those claims prior to filing suit.  <u>See, e.g.</u>, <u>Loehr</u>, 147 Cal.
23 App. 3d at 1081-82.

24     **B.**    **Adequacy of Claims**

25       Looking at the claims Plaintiffs filed, the Court finds that Plaintiffs adequately
26 presented their claims to the City.  Plaintiffs filed two claims on September 16, 2005.
27 One claim was on behalf of individual members of SDPOA, while the other was on
28 behalf of retired members of SDPOA.  (<u>See</u> Pls.' Mot. Recons., Ex. A at 1-12.)  Both

1  claim forms included allegations related to underfunding of pensions, breach of
2  fiduciary duty, and related allegations. The Court finds that these two claims were
3  sufficient to notify the City of Plaintiffs' claims in this suit. See, e.g., Stockett v.
4  California Water Agencies Joint Powers Ins. Auth., 34 Cal. 4th 441, 446-48 (2004)
5  (purpose of CTCA is to give government notice; claim presentation is sufficient, even
6  though relies on additional facts or legal theories, where based on same fundamental
7  actions and where complaint not based on entirely new set of facts).

8       Defendants also assert that Plaintiffs never properly presented their 3.37% DROP
9  reduction claims, arguing that Plaintiffs filed their initial complaint before presenting
10 this claim. As Plaintiffs point out, however, they allege that the 3.37% reduction
11 occurred in April 2006, and they presented a claim in August 2006 concerning these
12 allegations. Thus, Plaintiffs assert that they presented a claim before amending their
13 complaint to include the 3.37% DROP reduction allegations. Accordingly, Plaintiffs
14 presented a claim before filing suit regarding these allegations.

15     **C.**    **Timeliness**

16      As noted above, the CTCA requires presentation of a written claim before filing
17 a civil action for money or damages against a public entity. Cal. Gov. Code §§ 905,
18 945.4. Following rejection of a claim, § 945.6 provides that a plaintiff must file suit
19 "not later than six months after the date [the rejection] notice is personally delivered or
20 deposited in the mail." According to the California Court of Appeal, because of the
21 irregularity of the number of days in each month, the six month period in § 945.6 means
22 a plaintiff must file suit within six calendar months or 182 days, whichever is longer.
23 Gonzalez v. County of Los Angeles, 199 Cal. App. 3d 601, 604 (1988). Under § 915.2,
24 proof of mailing of notices "may be made in the manner prescribed by Section 1013a
25 of the Code of Civil Procedure."

26      In two letters dated January 12, 2006, the City denied each of Plaintiffs' 2005
27 claims and provided notice that, pursuant to Government Code § 945.6, suit must be
28 brought within six months of the date the letters were personally delivered or placed in

1  the mail. (Pls.' Notice Lodgment Supp. Reply (original rejection letters).) Plaintiffs
2  also present the original envelopes from the City's Risk Management Department,
3  postmarked January 25, 2006, which Plaintiffs assert contained the rejection letters.[3]
4  (Id. (original envelopes).) Plaintiffs filed suit on July 18, 2006, which is 187 days after
5  January 12, 2006, but only 174 days after January 25, 2006.

6  First, Plaintiffs contend that § 915.2 of the California Government Code applies
7  and that the time for filing suit is extended five days upon service by mail. According
8  to Plaintiffs, combining five mailing days to the 182 days allowed for filing suit under
9  § 945.6 brings the total period to 187 days. Thus, because Plaintiffs filed suit exactly
10 187 days after the date of the rejection letters, Plaintiffs assert that they timely filed suit.

11 Section 915.2 provides that "any period of notice and any duty to respond after
12 receipt of service of a claim, amendment, application, or notice is extended five days
13 upon service by mail, if the place of address is within the State of California." Cal.
14 Gov. Code § 915.2. Contrary to Plaintiffs' assertion, however, the California Court of
15 Appeal has specifically ruled that this five day extension for service by mail does not
16 apply to a notice of rejection. Cole v. Los Angeles Unified Sch. Dist., 177 Cal. App.
17 3d 1, 4-5 (1986). Thus, Plaintiffs' argument fails.

18 Second, Plaintiffs argue that, because the postmark on the envelopes containing
19 the rejection letters is more than one day after the date of the letters, the six month
20 period in which to bring suit did not begin until the postmark date, January 25, 2006.
21 While the letters bear a date of January 12, 2006, the Plaintiffs provide the original
22 envelopes from the City's Department of Risk Management with January 25, 2006
23 postmarks. In response, Defendants contend that these envelopes are unaddressed, that
24 the postmarks are not from San Diego, and that the years are illegible. Further, along
25 with their opposition, Defendants provide affidavits from officials in the City's
26 Department of Risk Management regarding proof of service. Harold Diaz, a claims

---

[3] Plaintiffs should contact the Court to arrange a time to pick up the original letters and envelopes. If Defendants would like to view the originals, they should contact Plaintiffs to arrange a mutually agreeable time and location.

clerk in the Risk Management Department, describes the standard business practice of the department regarding mailing of rejection notices, and he states that he served the two rejection letters on January 12, 2006. (Harold Diaz Aff. Supp. Defs.' Opp. Mot. Recons.) Log book entries listing Plaintiffs' two claims under January 12, 2006, but not under January 23-26 2006, are attached to his affidavit. (Id.) Next, Janice Ellis, a claims representative in the Risk Management Department, describes the standard business practice of the department regarding mailing of rejections, and she states that she caused the service of the letters on January 12, 2006 by signing the letters and giving them to the claims clerk to deposit in the mail. (Janice Ellis Aff. Supp. Defs.' Opp. Mot. Recons.) The same log book entries described above are attached to the affidavit. (Id.) Finally, Peter Yee, the liability claims supervisor for the Risk Management Department, describes the standard business procedures for mailing of rejection letters by the department. (Peter Yee Aff. Supp. Defs.' Opp. Mot. Recons.) The same log book entries listed above are attached to his affidavit. (Id.)

As noted above, the CTCA provides that proof of service may be made in the manner set forth in California Code of Civil Procedure § 1013a. Here, all of the affidavits Defendants have submitted are from January 2007, a year after the rejection letters at issue, and Defendants apparently attempt to prove service by affidavit that the letters were mailed in the ordinary course business of the Risk Management Department. Further, all of the affidavits refer to the standard business practices for mailing rejection letters by the Department of Risk Management and contain references to the log book of rejection letters kept in the ordinary course of business.

Section 1013a(3) governs proof of service where proof is made by affidavit concerning the ordinary course of business. Under this provision, "[s]ervice made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained in the affidavit." Cal. Code Civ. Proc. § 1013a(3). Here, Plaintiffs have submitted the original rejection letters and envelopes.

1  While Defendants dispute the reliability of Plaintiffs' offers of proof regarding service
2  and assert that the affidavits and log book entries are more reliable, the Court has
3  reviewed the original letters and envelopes submitted by Plaintiffs.  Having considered
4  the letters and envelopes, the Court finds that the postmark date, January 25, 2006, is
5  the appropriate starting date for computing the six month period in which Plaintiffs
6  could bring suit.  Accordingly, Plaintiffs timely filed suit, and the Court **DENIES**
7  Defendant City of San Diego, Individual Defendants, and Defendant Aguirre's motion
8  to dismiss Plaintiffs' state law claims based on failure to comply with the CTCA.
9  Additionally, the Court **DENIES** as moot Plaintiffs' motion to deem proof of service
10 invalid.

11 **D.   Evidentiary Objections**

12 Plaintiffs object to some of the evidence offered by Defendants.  To the extent
13 the evidence is proper under the Federal Rules of Evidence, the Court considered the
14 evidence.  To the extent the evidence was improper, the Court did not consider the
15 evidence.

**Conclusion**

17 For the reasons stated above, the Court **DENIES** Defendant City of San Diego,
18 Individual Defendants, and Defendant Aguirre's motion to dismiss Plaintiffs' state law
19 claims for failure to comply with the CTCA.  Additionally, the Court **DENIES**
20 Plaintiffs' motion to deem proof of service invalid as moot. (Doc. No. 114.)  Finally,
21 the Court notes that Plaintiffs have already filed a third amended complaint.
22 IT IS SO ORDERED.
23 DATED: February 2, 2007

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

1  Copies To:
   Gregory Peterson
2  Christopher Nissen
   Castle, Petersen & Krause, LLP
3  4675 MacArthur Court, Suite 1250
   Newport Beach, CA  92660
4
   Peter Benzian
5  Latham & Watkins
   600 West Broadway, Suite 1800
6  San Diego, CA

7  Rodney Perlman
   Wehner & Perlman
8  1919 Santa Monica Blvd, Suite 210
   Santa Monica, CA  90404
9
   Reginald Vitek
10 Matthew Mahoney
   Seltzer Caplan, McMahon & Vitek
11 750 B Street, Suite 2100
   San Diego, CA  92101
12
   Robert Gooding
13 Martha Gooding
   Stephen Cook
14 Howrey, LLP
   2020 Main Street, Suite 1000
15 Irvine, CA 92614

16

17

18

19

20

21

22

23

24

25

26

27

28