

FILED
JUL 21 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY             DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICA AARON; et al., <br><br> Plaintiffs, <br> vs. <br><br> MICHAEL AGUIRRE, et al., <br><br> Defendants. | CASE NO. 06-CV-1451 H (POR) <br><br> **ORDER DECLINING TO MODIFY OR SET ASIDE THE MAGISTRATE JUDGE'S MAY 19, 2008 ORDER REGARDING DISPUTE OVER WHO IS COUNSEL FOR PLAINTIFFS** |

On May 30, 2008, Gregory G. Petersen of the Petersen Law Firm ("PLF") filed objections to the magistrate judge's May 19, 2008 order, see Doc. Nos. 252, 254, regarding who is counsel for plaintiffs in this case. (Doc. No. 261.) The law firm Jackson DeMarco Tidus & Peckenpaugh ("Jackson DeMarco") filed a response on June 9, 2008. (Doc. No. 270.) On June 27, 2008, the PLF filed a reply. (Doc. No. 279.)

On July 21, 2008, the Court held a hearing on the PLF's objections to the magistrate judge's order. Gregory G. Petersen and Christopher D. Nissen appeared for the plaintiffs. Colleen Smith appeared on behalf of defendant City of San Diego. For the reasons that follow, the Court declines to modify or set aside any part of the magistrate judge's order.

///
///
///

## Background

### Procedural History of This Case

This action commenced on July 18, 2006, when a complaint was filed by over 1,500 individual plaintiffs against Michael Aguirre, the City of San Diego ("City"), the San Diego City Employees' Retirement System ("SDCERS"), and several current and former San Diego City Council members, former City officials, and former board members (or trustees) of SDCERS. (Doc. No. 1.) On August 25, 2006, plaintiffs moved for class certification. (Doc. No. 24.) The Court denied plaintiffs' motion for class certification on September 22, 2006. (Doc. No. 53.)

The operative complaint is plaintiffs' fourth amended complaint, which was filed on April 9, 2007. (Doc. No. 139.) On June 12, 2007, the Court granted in part and denied in part motions to dismiss by the City of San Diego, Michael Aguirre, SDCERS, KPMG and the individual defendants. (Doc. No. 167.) The Court declined to permit any further amendments by plaintiffs. On July 2, 2007, all defendants filed answers to plaintiffs' fourth amended complaint. (See Doc. Nos. 168-187.) On December 19, 2007, plaintiffs filed a motion to stay this action pending resolution on appeal of the case San Diego Police Officers' Association v. Michael Aguirre, et al., Ninth Circuit Appellate Nos. 07-56004, 07-56483 and 07-56512 (S.D. Cal. Case No. 05-CV-1581 H (POR)). (Doc. No. 188.) On January 16, 2008, the Court denied plaintiffs' motion to stay. (Doc. No. 193.) Since that time, two significant developments have occurred: (1) various defendants or groups of defendants have filed motions for summary judgment, and (2) a dispute has arisen between the lawyers regarding who represents the plaintiffs. The second issue has been extensively briefed and argued before the magistrate judge on referral from the district court. After careful consideration, the magistrate judge reached a conclusion on the counsel issue.

### History of This Dispute Regarding Plaintiffs' Counsel

The complaint that commenced this action listed Gregory G. Petersen as the lead attorney for plaintiffs, and the complaint appears to have been signed by Mr. Petersen. (Doc. No. 1.) At the time the complaint was filed in this action, Mr. Petersen was a

1  member of the law firm Castle, Petersen & Krause LLP ("CPK"). The first amended
2  complaint, filed on September 15, 2006, <u>see</u> Doc. No. 49, listed Mr. Petersen as the lead
3  attorney and appears to have been signed by Mr. Petersen. (Doc. No. 49.) The same is true
4  for plaintiffs' motion for class certification, filed August 25, 2006, <u>see</u> Doc. No. 24,
5  although Mr. Petersen did not appear at the September 22, 2006 hearing on that motion.
6  (Doc. No. 54.) Instead, plaintiffs were represented by two attorneys, including Christopher
7  D. Nissen. (<u>See</u> Doc. No. 54.) At the time, Mr. Nissen was an attorney at the CPK firm;
8  now he is part of the Jackson DeMarco firm and opposes Mr. Petersen in the current
9  dispute over who represents plaintiffs. Plaintiff's second amended complaint, filed October
10 19, 2006, listed Mr. Petersen as an attorney but was signed by Mr. Nissen. (Doc. No. 103.)
11 The same is true for plaintiffs' third amended complaint, filed January 12, 2007, <u>see</u> Doc.
12 No. 109, and plaintiffs' fourth amended complaint, filed April 9, 2007. (Doc. No. 139.)
13       In approximately April or May of 2007, Mr. Petersen joined the law firm of Jackson
14 DeMarco Tidus Petersen & Peckenpaugh ("the Jackson DeMarco firm"). Beginning on
15 June 4, 2007, the captions of documents filed in this case on behalf of plaintiffs bore the
16 name of the Jackson DeMarco firm. (<u>See</u> Doc. No. 159; <u>compare</u> Doc. No. 148 (filed April
17 20, 2007, CPK in caption).) At the June 11, 2007 hearing regarding defendants' motions to
18 dismiss plaintiff's fourth amended complaint, Mr. Petersen and Mr. Nissen appeared on
19 behalf of plaintiffs. (Doc. No. 166.) In approximately March of 2008, however, Mr.
20 Petersen and the Jackson DeMarco firm parted company, giving rise to the present dispute
21 over who represents the plaintiffs in this case.
22       After the Court's January 16, 2008 order denying plaintiffs' motion to stay, no
23 filings were made until March 14, 2008, when Mr. Petersen filed a notice of change of firm
24 name and address. (Doc. No. 194.) The caption of that document listed only Mr. Petersen,
25 and the newly formed Petersen Law Firm, as attorney for plaintiffs. (<u>Id.</u>) One week later,
26 on March 21, 2008, the attorneys at the Jackson DeMarco firm filed an ex parte application
27 for an order that Jackson DeMarco is counsel for plaintiffs and that Mr. Petersen is not.
28 (Doc. No. 195.) Mr. Petersen and the PLF filed a response in opposition on March 24,

2008. (Doc. No. 202.)

On March 28, 2008, the Court denied without prejudice the ex parte application by the Jackson DeMarco firm. (Doc. No. 205.) The Court noted that although the attorneys disputed who represented the plaintiffs, this case involves more than 1,500 individual plaintiffs and that "the client has the absolute right to change his attorney at any stage in the action." Meadow v. Superior Court, 59 Cal. 2d 610, 652 (1963). The Court referred the attorneys involved in this dispute to the magistrate judge. (Doc. No. 205.)[1]

On April 14, 2008, the magistrate judge held a hearing regarding the ex parte application by the Jackson DeMarco firm. The magistrate judge ordered that "each Plaintiff shall sign a Substitution of Attorney Form stating who he or she wants to represent the Plaintiff, whether it is Gregory Petersen and the Petersen law firm, the law firm Jackson, DeMarco, Tidus, Petersen & Peckenpaugh or someone else." (Doc. No. 212.) The magistrate judge ordered counsel to assemble the signed Substitution of Attorney forms and file a notice of substitution of attorney identifying each of the plaintiffs represented by that attorney or law firm and attaching the signed substitutions as exhibits to the filing. (Id.) The magistrate judge continued the hearing to May 19, 2008, to address the designation of default counsel for any plaintiff who fails to sign a substitution of attorney form. (Id.)

Subsequent to the April 14, 2008 hearing, both groups of lawyers filed numerous substitution of attorney forms or substantially similar notices regarding the election of counsel by individual plaintiffs. (See, e.g., Doc. Nos. 232-236 (Notice of Certain Plaintiffs' Election of Jackson DeMarco Tidus & Peckenpaugh As Attorneys of Record), Doc. Nos. 238-240 (Notice of Request for Approval of Substitution of Attorney Petersen Law Firm in Place and Stead of Jackson DeMarco Tidus Petersen & Peckenpaugh, aka Jackson DeMarco Tidus & Peckenpaugh).) The Jackson DeMarco firm states that, prior to the May 19, 2008 hearing, it filed approximately 960 signed substitutions indicating

---

[1] A similar dispute exists in Abbe v. City of San Diego, 05-CV-1629 DMS (RBB), and the Court in that case also referred the parties to the magistrate judge.

individual plaintiffs' preference to "remain with" Jackson DeMarco, while Mr. Petersen has obtained and filed approximately 100 signed substitutions.[2] (See Consolidated Response of Jackson DeMarco, Doc. No. 270.)

At the May 19, 2008 hearing, the magistrate judge ordered that "by June 2, 2008, Gregory Petersen and the law firm Jackson DeMarco Tidus Peckenpaugh shall each file a motion to approve the substitution of attorneys for listed Plaintiffs reflected in the substitution forms on file." (Doc. No. 252.) The magistrate judge further ordered: "[a]ny Plaintiffs who have not responded to requests for signed substitutions by June 2, 2008, will fall into the default category. Based on the evidence in the record, the Court finds that these Plaintiffs will be represented by Jackson DeMarco Tidus Peckenpaugh, but they are free to substitute counsel at any time." (Id.) Mr. Petersen objects to the magistrate judge's determination that the "default" category of plaintiffs would be represented by the Jackson DeMarco firm. (Doc. No. 261.)

## Discussion

### A. Review of Magistrate's Order - Legal Standard

Pursuant to 28 U.S.C. § 636(b)(1)(A), "a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."

Under 28 U.S.C. § 636(b)(1)(B), a judge "may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A)." When a judge designates a magistrate judge

---

[2] As of July 2, 2008, Mr. Petersen had obtained and filed 135 signed substitutions.

to submit proposed findings of fact and recommendations, 28 U.S.C. § 636(b)(1)(C) provides for a "de novo determination" by the district judge. Here, the Court's order referring the parties to this dispute did not request a "recommendation" from the magistrate judge, nor does this dispute involve a motion excepted by 28 U.S.C. § 636(b)(1)(A).[3] Although the Court would reach the same conclusion under a de novo review of the magistrate judge's determination, the Court employs here the "clearly erroneous or contrary to law" standard of subparagraph (A). The Court concludes that Rule 72(a) of the Federal Rules of Civil Procedure supports this standard of review. That Rule provides that a party seeking review of a magistrate judge's nondispositive pretrial order "may serve and file objections to the order" within 10 days of being served with a copy of the order. Fed. R. Civ. P. 72(a). In reviewing the magistrate judge's order, a district court "shall consider such objections," but may only modify or set aside the order if it is "found to be clearly erroneous or contrary to law." Id.; see Bhan v. NME Hospitals, Inc., 929 F.2d 1404, 1414 (9th Cir. 1991) (same).

"The 'clearly erroneous' standard applies to the magistrate judge's factual determinations and discretionary decisions." Computer Economics, Inc. v. Gartner Group, Inc., 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999); see FDIC v. Fid. & Deposit Co. of Md., 196 F.R.D. 375, 378 (S.D. Cal. 2000). "Under this standard, 'the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made.'" Computer Economics, Inc., 50 F. Supp. 2d at 983 (quoting Weeks v. Samsung Heavy Indus. Co., Ltd., 126 F.3d 926, 943 (7th Cir. 1997). Under the "contrary to law" standard, the district court is to "exercise its independent judgment with respect to a magistrate judge's legal conclusions." Id.

**B.    The Magistrate Judge's May 19, 2008 Order**

First, the Court concludes that the magistrate judge's order correctly upheld the principle that the client possesses the ultimate authority to choose the client's attorney, and that the client has the "absolute right" to change attorneys at any stage in a case.

---

[3] The Court does not interpret the magistrate judge's order as an injunction.

See Meadow v. Superior Court, 59 Cal. 2d 610, 652 (1963). The Court's intent is to permit each client to exercise his or her right to determine which attorney(s) will represent him or her. If this case involved relatively few plaintiffs, that would be an easy undertaking. However, this case involves nearly 1,600 plaintiffs. Under the circumstances of this case, the Court in its discretion fully approves the orderly process created by the magistrate judge to ascertain which attorney(s) each individual plaintiff desires to have represent him or her.

The additional question, as the magistrate judge has noted, see Transcript of May 6, 2008 Proceedings, is what (if anything) to do regarding plaintiffs who – for whatever reason – did not sign or return a substitution of counsel form. As of the date of this hearing, the submissions on file indicate that approximately two thirds of the individual plaintiffs have signed a substitution of counsel (or similar) form.[4]

The Court concludes that the magistrate judge correctly determined that any plaintiffs who do not respond to requests for signed substitutions of counsel will be represented by Jackson DeMarco Tidus & Peckenpaugh, based on the totality of the record before the Court, including the most recent amended complaint on file with the Court. When the complaint was filed to commence this action, Mr. Petersen was a member of the law firm Castle, Petersen & Krause LLP. (Doc. No. 1.) Before the merger of the CPK firm into the Jackson DeMarco firm, filings on behalf of plaintiffs bore the name of the CPK firm, listed several attorneys including Mr. Petersen and Mr. Nissen, and were signed by Mr. Nissen. (E.g., Doc. No. 58.) After the CPK firm merged into the Jackson DeMarco firm in April or May of 2007, plaintiffs' filings bore the name of the Jackson DeMarco firm, listed several attorneys including Mr. Petersen, and were signed by Mr. Nissen. (E.g., Doc. No. 153.) At no time between the last document filed by the CPK firm, see Doc. No. 148 (April 20, 2007), and the first document filed by the Jackson DeMarco firm, see Doc. No. 152 (May 25, 2007), did Mr. Petersen or any other attorney file a notice of change of firm name or attorney substitution form. For the next several months, until March of 2008, all documents filed on behalf of plaintiffs were filed by the Jackson DeMarco firm. The

---

[4] Many of these indicate a desire to be represented by the Jackson DeMarco firm.

most recent motion by plaintiffs – a motion to stay – was filed by the Jackson DeMarco firm and signed by Mr. Nissen. (Doc. No. 188.) Only Mr. Nissen's name and the name of the Jackson DeMarco firm appear on the signature line of the motion.[5] (Doc. No. 188 at 5.) After a thorough review of the docket in this matter, the briefs and arguments of Mr. Petersen and the Jackson DeMarco attorneys (both before this Court and before the magistrate judge), the Court declines to modify or set aside the magistrate judge's order that any plaintiffs who do not respond to requests for signed substitutions of counsel will be represented by Jackson DeMarco Tidus & Peckenpaugh, and the Court hereby adopts that order as its own. Accordingly, the Court orders that Mr. Petersen represents each individual who has signed a substitution of counsel form designating Mr. Petersen as his or her lawyer. The Court orders that Mr. Nissen and the Jackson DeMarco firm represent each individual who has signed a substitution of counsel form designating Mr. Nissen and the Jackson DeMarco firm as his or her counsel. Finally, absent further order of the Court, Mr. Nissen and the Jackson DeMarco firm represent each individual who has not signed a substitution of counsel form.

### Conclusion

For the reasons stated above, the Court denies Mr. Petersen's objections to the magistrate judge's May 19, 2008 order. In addition to approving the magistrate judge's order, the Court gives permission for Mr. Petersen and the Jackson DeMarco firm to contact any plaintiff who has not yet responded to the request for a signed substitution/election of counsel form.

The Court notes that summary judgment motions by defendants are set for hearing before this Court on September 2, 2008 at 10:30 a.m. (See Doc. No. 275.) The hearing on those motions has been continued two times, and the Court will look with disfavor on any further requests for a continuance. The Court notes that both counsel will be able to oppose the motion for summary judgment as each represents some clients in the matter. In light of the Court's resolution of this dispute regarding who represents the plaintiffs in this case, the

---

[5]  Mr. Petersen was listed as one of the attorneys in the caption of that motion.

1 | Court anticipates and hereby approves the filing of two separate responses in opposition on
2 | behalf of the plaintiffs.
3 |      However, the Court's preference is for each plaintiff to affirmatively indicate which
4 | attorney(s) that individual wishes to represent him or her. Accordingly, the Court will
5 | permit the attorneys involved in this dispute to send to any plaintiff who did not respond to
6 | the previous request for a signed substitution of counsel form the notice (or a substantially
7 | similar notice) that the Court has attached as Exhibit 1 to this Order.
8 | IT IS SO ORDERED.
9 | DATED: 7/21/08

Marilyn L. Huff
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT